IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-31312

DAVID DARR

Plaintiff - Appellant

v.

MARINE ELECTRONICS SOLUTIONS INC; M E S INSTALLATIONS INC
Defendants - Appellants - Appellees

v.

DONNA PENNEY; CLAY MAZYCK
Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
No. 2:05-CV-730

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

We AFFIRM, in part, the district court's Judgment entered September 6, 2006, and its Order and Reasons denying plaintiff-appellant David Darr's Motion for Rehearing entered October 26, 2006, effectively dismissing all of Darr's federal and state law claims, except for breach of fiduciary duty, review of corporate records, and shareholder's derivative actions claims which were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remanded to state court. We are not fully persuaded that the district court's conclusion—that the Marital Settlement Agreement is not a shareholder agreement under Florida law—is correct. Since that question is also governed by state law and is tied to the three claims that the district court remanded to state court, we think that the wiser course is to VACATE the portion of the district court's Judgment dismissing Darr's claim that his Marital Settlement Agreement is a binding shareholder agreement under Florida law and to REMAND that claim to the district court with instructions to remand the claim to the state court, so that it may be litigated with the other three state law claims.

AFFIRMED IN PART, VACATED AND REMANDED IN PART, with instructions. The costs of this appeal shall be borne by Darr.